UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nautilus Insurance Company,

                            Plaintiff,

v.

A. Moore Construction and Roofing, Inc.,
Floricelda Lopez Madrid Rodriguez, Personal
Representative of the Estate and Survivors of
Eulogio Nieto Rodriguez, deceased,
Creative Choice Homes, VII, Ltd., and
Naimisha Construction, Inc.,

                            Defendants.

Civ. No. 10-1211 (RHK/SRN)
**MEMORANDUM OPINION AND ORDER**

---

Steven J. Sheridan, Fisher Bren & Sheridan LLP, Minneapolis, Minnesota, for Plaintiff.

Mark T. Berthow, Bethany K. Culp, Hinshaw & Culbertson LLP, Minneapolis, Minnesota, for Defendant Naimisha Construction, Inc.

Brian N. Johnson, Christine M. Mennen, Nilan Johnson Lewis PA, Minneapolis, Minnesota, for Defendant Creative Choice Homes VII, Ltd.

---

## INTRODUCTION

This matter is before the Court on the Motions of Defendants Naimisha Construction, Inc. ("Naimisha") and Creative Choice Homes VII, Ltd. ("Creative Choice") to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this case to the United States District Court for the Southern

District of Florida. For the reasons set forth below, the Court will grant the Motions in part and transfer this action.[1]

## BACKGROUND

This action arises out of the death of Eulogio Nieto Rodriguez ("E. Rodriguez") while he was engaged in roofing work on an apartment complex in Miami, Florida. The apartment complex is owned by Defendant Creative Choice, a Florida company with its principal place of business in Palm Beach Gardens, Florida. (Am. Compl. ¶¶ 5, 9.) Creative Choice hired Defendant Naimisha, a Florida corporation whose principal place of business also is in Palm Beach Gardens, to perform roof repairs at the property. (Id. ¶¶ 6, 9.) Naimisha, in turn, subcontracted the roofing work to Defendant A. Moore Construction and Roofing, Inc. ("A. Moore"), a Florida corporation with its principal place of business in Wellington, Florida. (Id. ¶ 10; Sheridan Aff. Exs. D-E.)[2] Plaintiff Nautilus Insurance Company ("Nautilus"), an Arizona corporation with its principal place of business in Scottsdale, Arizona, insured an insurance policy (the "Policy") covering A. Moore's work on the roofing project.

Following E. Rodriguez's death, his widow, Defendant Floricelda Lopez Madrid Rodriguez ("F. Rodriguez"), commenced an action against Creative Choice, Naimisha, and A. Moore in the Circuit Court for the 11th Judicial Circuit in Miami-Dade County,

---

[1] Having reviewed the parties' submissions, the Court concludes that oral argument would not materially assist its resolution of the pending Motions. Accordingly, the hearing on the Motions currently scheduled for August 3, 2010, is **CANCELED**.

[2] Although Nautilus alleges in the Amended Complaint that A. Moore is a Florida corporation with its principal place of business in Minnesota (Am. Comp. ¶ 2), it has now clarified that A. Moore's principal place of business is located in Wellington, Florida.

Florida, alleging that their negligence caused her husband's death; that action remains pending. Nautilus then commenced the instant action, seeking a declaration that it owes no duty to defend or indemnify any Defendant for claims asserted in the Florida action because E. Rodriguez was an employee of A. Moore and, hence, fell with the Policy's "Employer's Liability" exclusion.

Naimisha and Creative Choice now move to dismiss. Each argues that venue is improper in Minnesota, and Naimisha additionally argues that it is not subject to personal jurisdiction here. Both argue, in the alternative, that it would be more convenient to litigate this case in the Southern District of Florida.

## STANDARD OF REVIEW[3]

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court faced with a motion to transfer, therefore, must undertake a two-part inquiry. "The initial question . . . is whether the

---

[3] As discussed below, the Court concludes that transfer of this action is appropriate. Hence, the standards for evaluating the other portions of Defendants' Motions – concerning personal jurisdiction and improper venue – will not be recited herein. Notably, the Court may transfer this action regardless of whether venue is proper in this district or whether it enjoys personal jurisdiction over the moving Defendants. See 28 U.S.C. § 1406(a) (even if action is filed in improper venue, district court may transfer it to "any district or division in which it might have been brought"); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (holding that Section 1406(a) grants district courts power to transfer cases even where personal jurisdiction is lacking). Moreover, while no proof of service on A. Moore or F. Rodriguez appears in the docket, the Court may transfer this action before all Defendants have been served. See, e.g., Hanover Ins. Co. v. Paint City Contractors, Inc., 299 F. Supp. 2d 554, 556 n.1 (E.D. Va. 2004) ("Service of process on all named defendants is not a prerequisite to the court's power to transfer."). In any event, assuming *arguendo* that A. Moore and/or F. Rodriguez have in fact been served, they have not filed any opposition to the pending Motions, implicitly suggesting that they consent to transfer.

action might have been brought in the proposed transferee district. If so, the Court must [then] consider the convenience and interest of justice factors." Austin v. Nestle USA, Inc., 677 F. Supp. 2d 1134, 1136 (D. Minn. 2009) (Kyle, J.) (citation omitted).

As the text of Section 1404(a) makes clear, three general factors inform whether a district court should grant a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. See Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). A district court may also consider any other factors it finds relevant when deciding whether transfer is warranted. In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (*per curiam*); Terra Int'l, 119 F.3d at 691. There is no precise mathematical formula to be employed when balancing these factors, and a district court enjoys "much discretion" when deciding whether to grant a motion to transfer. Id. at 697.

Courts must be cognizant, however, that transfer motions "should not be freely granted." In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982) (*per curiam*), abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice, 919 F.2d 1306 (8th Cir. 1990). A "heavy" burden rests with the movant to demonstrate why a case should be transferred. E.g., Integrated Molding Concepts, Inc. v. Stopol Auctions L.L.C., Civ. No. 06-5015, 2007 WL 2263927, at *5 (D. Minn. Aug. 6, 2007) (Schiltz, J., adopting Report & Recommendation of Erickson, M.J.); Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996) (Kyle, J.). To satisfy that "heavy" burden, the movant must demonstrate that the relevant factors weigh "strongly" in its favor. Id.

# ANALYSIS

As noted above, the first question to be answered in determining if transfer is warranted is whether this action "might have been brought" in the Southern District of Florida. Insofar as no party has argued otherwise, all Defendants reside in the Southern District of Florida, and the underlying accident occurred there, the Court will proceed directly to the second question: do party convenience, witness convenience, and the interests of justice favor transfer? The Court concludes that they do.

<u>Convenience of the parties.</u>  There does not appear to be any significant dispute that Florida will be more convenient than Minnesota for Defendants. The principal place of business for both Naimisha and Creative Choice is in south Florida, and there is no suggestion that either performs work anywhere outside of that area. Moreover, while F. Rodriguez and A. Moore have not yet appeared (since they apparently have yet to be served), the Southern District of Florida appears to be the most convenient forum for them, as well. A. Moore is a Florida corporation with its principal place of business in that state, and F. Rodriguez is an individual residing there. Critically, it is likely that the key evidence in this case – documents and witnesses from A. Moore concerning whether E. Rodriguez was an employee of the company – will be located at A. Moore's principal place of business in Wellington, Florida.

On the other hand, as an Arizona corporation, Nautilus will be inconvenienced by litigating in either Minnesota or Florida. It identifies no employees located in this state, nor any documents located here that it intends to rely on at trial. Indeed, as this case involves only the interpretation of an insurance policy, it is unlikely that any Minnesota-

based evidence will play a part in determining whether Nautilus is entitled to the relief it seeks.[4]

At bottom, this is not a case where transfer would merely shift the inconvenience from one side to the other. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (Doty, J.). Instead, transfer to Florida will substantially increase Defendants' convenience while having minimal impact on Nautilus's convenience. Accordingly, the convenience-of-parties factor favors transfer.

<u>Convenience of witnesses.</u> In analyzing the convenience-of-witnesses factor, the Court "must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991). The Court focuses on non-party witnesses, since "it is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily in a foreign forum." Austin, 677 F. Supp. 2d at 1138 (citation omitted). Neither Nautilus, Creative Choice, nor Naimisha has identified any witnesses, but key non-party witnesses (if any) would seem to reside in Florida. The issue in this case is whether E. Rodriguez was an "employee" within the meaning of the Policy. Any non-party witnesses with information relevant to that issue are likely to be in the Southern District of Florida, where A. Moore is located and where

---

[4] In its Opposition, Nautilus argues that witnesses "involved in the negotiation and execution" of the Policy are located here and will provide information whether the Policy "should be rescinded *ab initio* due to A. Moore's fraudulent material misrepresentations" when obtaining it. (Mem. in Opp'n at 10.) This argument misses the mark, because there is no claim in the Amended Complaint that the Policy is void or voidable; Nautilus simply seeks a declaration that it owes no duty to defend under the Policy's express terms.

E. Rodriguez was allegedly employed. Thus, the convenience-of-witnesses factor also weighs in favor of transfer.

Interests of justice. When analyzing this final factor, courts consider:

(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine local law.

Prod. Fabricators, Inc. v. CIT Commc'ns Finance Corp., Civ. No. 06-537, 2006 WL 2085413, at *3 (D. Minn. July 25, 2006) (Kyle, J.) (citing Terra Int'l, 119 F.3d at 696). While many of these items are irrelevant in the present case, on balance the pertinent considerations weigh in favor of transfer.

Nautilus notes that its choice of a Minnesota forum is entitled to some deference. Yet, that choice warrants less deference here because Minnesota is not Nautilus's home forum. See In re Apple, 602 F.3d at 913 ("[A] foreign plaintiff's choice of forum 'is entitled to substantially less deference.'") (citing De Melo v. Lederle Labs., 801 F.2d 1058, 1062 n.4 (8th Cir.1986)).

Nautilus also points out that the Policy was issued in Minnesota. Yet, the Policy does not contain a choice-of-law clause, and it is unclear what law ultimately will govern this dispute. In any event, even if Minnesota law were to apply, federal district courts are "faced almost daily with the task of applying some state's law other than [their own], and [they are] capable of resolving . . . dispute[s] under" another state's law. Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 620 (8th Cir. 2001). Therefore, this factor is entitled to little weight.

While the foregoing might suggest that the interest-of-justice factor tips slightly towards denying transfer, the remaining considerations tip this factor decidedly in favor of transferring this case. First, Nautilus will incur the costs of litigating in a distant forum regardless of whether this case proceeds in Minnesota or Florida. Defendants, on the other hand, would incur much greater costs litigating in Minnesota than Florida. See, e.g., GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs., Inc., Civ. No. 02-1224, 2003 WL 1572007, at *2 (D. Minn. Mar. 13, 2003) (Kyle, J.) (relative cost in each forum relevant to interest-of-justice analysis). In addition, it is generally appropriate to transfer an action to the district that is the locus of operative facts. Id. ("[A] motion to transfer to the district in which the [operative] events occurred is likely to succeed.") (citations omitted). Here, the underlying lawsuit and any evidence concerning E. Rodriguez's status as an employee are located in Florida. These facts, in the Court's view, outweigh the minimal deference accorded to Nautilus's choice of forum and any choice-of-law considerations.

## CONCLUSION

For the reasons set forth above, the Court concludes that all three relevant factors under 28 U.S.C. § 1404(a) – party convenience, witness convenience, and the interests of justice – weigh in favor of transferring this case to the Southern District of Florida. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motions to Dismiss, and Alternatively, Motions to Transfer Venue (Doc. Nos. 2, 7) are **GRANTED IN PART**, and this case is **TRANSFERRED** to the United States District Court for the Southern District of Florida. The Clerk of the

Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

Date: July 27, 2010

                                             s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge